# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Criminal Action No. 2016-0021 |
| v. ) | |
| ) | |
| **JOANNE BENJAMIN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
**Meredith Jean Edwards, Esq.,**
St. Thomas, U.S.V.I.
    *For the United States*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Joanne Benjamin*

**Edward L. Barry, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sylvia P. Benjamin*

**Jeffrey B.C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Lynell Hughes*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Thema Liverpool*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jacinta A. Gussie*

**Elise Catera, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Indica Greenidge*

**Alexander Omar Rosa-Ambert, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Nisha Brathwaite*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Darleen Thompson*

**John K. Dema, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Nicolette Alexander*

**Anthony R. Kiture, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Sheba Rashida Young*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on "Defendant's Objection to Magistrate Judge's Order" (Dkt. No. 348) filed by Defendant Nisha Brathwaite ("Defendant Brathwaite" or "Brathwaite") in which she objects to the Magistrate Judge's denial (Dkt. No. 339) of her "Motion to Sever Defendants" (Dkt. No. 305). In response to Brathwaite's Motion before the Magistrate Judge, Co-Defendant Joanne Benjamin filed an "Opposition to Motion to Sever" (Dkt. No. 315) and the Government filed a "Reply to Brathwaite's Motion to Sever Defendants" (Dkt. No. 319). For the reasons that follow, the Court will deny Brathwaite's Objection and affirm the Magistrate Judge's Order.

### I. BACKGROUND

Defendant Brathwaite and nine other defendants were indicted on September 15, 2016 and charged with Conspiracy to Defraud the United States through a scheme involving the filing of fraudulent tax returns and the receipt of the refunds resulting from those returns. (Dkt. No. 1). In addition to the conspiracy count, each Defendant was charged with various counts of theft of government money relating to their alleged receipt of refund monies from specifically-identified

2

fraudulent tax returns.[1] All of the Defendants—except Defendant Brathwaite—also were charged with several counts of Aggravated Identify Theft for allegedly using the personal identifying information of other individuals without lawful authority in relation to a felony—i.e., theft of public money.[2] On October 5, 2018, the Government filed a Superseding Indictment with the same charges. (Dkt. No. 477).

In the Memorandum in Support of her Motion to Sever, Defendant Braithwaite argues that because of the complexity of the alleged tax fraud scheme, the inculpatory statements made by Co-Defendants implicating her, and the fact that she was the only defendant not charged with aggravated identity theft, her charges should be severed from that of her Co-Defendants. (Dkt. No. 305-1 at 5-9). Braithwaite also maintains that: (1) the complexity of the multiple charges and defendants creates a risk of jury confusion; and (2) the danger of "spillover evidence" resulting from the "inflammatory" aggravated identify theft charges against her Co-Defendants could be prejudicial to her defense to the conspiracy and theft charges. (Dkt. No. 305-1 at 10-17).

Following a hearing, the Magistrate Judge issued an Order denying Brathwaite's motion. The Magistrate Judge found unpersuasive Brathwaite's arguments that her defense would be prejudiced due to the risk of a negative spillover effect from the Government's evidence against the Co-Defendants. The Magistrate Judge also rejected Brathwaite's contention that there was a serious likelihood of jury confusion or other prejudice arising from the joinder. In addition, the Magistrate Judge concluded that the introduction of redacted statements together with proper limiting instructions would address any claimed Confrontation Clause issues. (Dkt. No. 339 at 2-

---

[1] The Indictment set forth each alleged violation for each Defendant in separate counts and delineates them based on the taxpayer name used and the tax year involved. (Dkt. No. 1).

[2] Again, each alleged violation of Aggravated Identity Theft was charged in a separate count, specifically identifying the taxpayer name used and the tax year involved. (Dkt. No. 1).

3

5). Brathwaite appeals, contending that the Magistrate Judge failed to properly address her claims of prejudicial spillover evidence and jury confusion, and failed to recognize the complexity of the tax fraud case from the viewpoint of prospective jurors. (Dkt. No. 348 at 3-13).[3]

## II. DISCUSSION

In reviewing a pretrial matter on appeal from a magistrate judge, a district court's review is limited to determining whether the magistrate judge's order "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a) (a district judge "must consider timely objections and modify or set aside any part of [an] order [on a non-dispositive matter] that is clearly erroneous or is contrary to law"). A magistrate judge's finding of fact is "clearly erroneous when it 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *United States v. Flanders*, 2010 WL 3702512, at *2 (D.V.I. Sept. 15, 2010) (citation omitted). In addition, a magistrate judge's legal findings are "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Id.* "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Commission v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).

---

[3] It appears that Brathwaite has not preserved her challenge under *Bruton v. United States*, 391 U.S. 123, 135 (1968))—asserting that the Government's potential use of her Co-Defendants' inculpatory statements raises Confrontation Clause issues—by failing to raise that issue in her Objections to the Magistrate Judge's Order. (Dkt. No. 348). In addition, Defendant Brathwaite has filed no pretrial objections to the Government's proposed revisions to those statements that might raise a *Bruton* issue, as required by the Court's Amended Trial Management Order. (Dkt. No. 472). In any event, the Court will only note that it has reviewed the Magistrate Judge's decision on this issue and finds no clear error of fact nor any error of law.

Brathwaite is seeking relief under Rule 14 of the Federal Rules of Criminal Procedure (Dkt. No. 348 at 3). Rule 14 provides in relevant part: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

As a general matter, "'the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (quoting *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005)). As noted by one court:

> "Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime. The joint trial gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome."

*United States v. Augusta*, 2018 WL 318562, at *2 (M.D. Pa. Jan. 8, 2018). In addition, the Third Circuit has recognized that joint trials of alleged co-conspirators aid the jury in determining the "full extent of the conspiracy." *United States v. Provenzano*, 688 F.2d 194, 199 (3d Cir.), *cert. denied*, 459 U.S. 1071 (1982), *abrogated on other grounds in In Re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300 (3d Cir. 2018). Joint trials also prevent "the tactical disadvantage to the government from disclosure of its case" when there are separate trials. *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir.), *cert. denied*, 454 U.S. 1034 (1981).

The United States Supreme Court has determined that a district court is not required to sever charges except when "there is a serious risk" that a joint trial would impair a "specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Moreover, a party seeking severance is required to clearly establish prejudice; mere allegations of prejudice are insufficient to satisfy the Rule. *United States v. John-Baptiste*, 747 F.3d 186, 197 (3d Cir. 2014). Indeed, "[d]efendants seeking a severance bear a heavy burden and must demonstrate not only that the court would abuse its discretion if it denied severance, but also that the denial of severance would lead to *clear and substantial prejudice* resulting in a manifestly unfair trial." *Lore*, 430 F.3d at 205 (internal quotations and citations omitted) (emphasis added). In the final analysis, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 539.

Brathwaite asserts that the Magistrate Judge failed to properly analyze the impact of "spillover evidence" in her case. She asserts that the evidence against her Co-Defendants, who—unlike her—are charged with aggravated identity theft in addition to theft, is "inflammatory" and poses a potential risk of spilling over and prejudicing her defense. (Dkt. No. 348 at 6). Brathwaite cites to statistics regarding the scope of identity theft crimes, the range of victims it impacts, and the types of losses associated with such crimes. (Dkt. No. 305-1 at 15; Dkt. No. 348 at 4-5, n.4). In other words, Brathwaite asserts that evidence of aggravated identify theft against her Co-Defendants is "inflammatory" and its admission at a joint trial would likely cause the jury to transfer negative reactions and inferences from such evidence onto the charges she faces. (Dkt. No. 348 at 4-5).

A defendant asserting that her case faces the risk of being prejudiced from "spillover evidence" presented against co-defendants "'is not entitled to a severance merely because evidence against a co-defendant is more damaging than evidence against the moving party.'" *Lore*, 430 F.3d at 205 (quoting *United States v. Somers*, 496 F.2d 723, 730 (3d Cir. 1974)). Nor are defendants

6

"entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540 (citations omitted). In considering a motion to sever, the court must "balance[ ] the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989). To this end, the court must determine "'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *John-Baptiste*, 747 F.3d at 197 (quoting *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005)). Even if the combined charges present a risk of prejudice, the court may use other measures, such as limiting instructions, to cure that risk. *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

Based on the application of these principles to the case at bar, the Court concludes that the Magistrate Judge's ruling should be affirmed. In this case, the Superseding Indictment segments the separate acts each Defendant was alleged to have committed and the criminal violations alleged. The Superseding Indictment also identifies which tax returns each Defendant was allegedly involved in filing and which individuals allegedly had their personal identifying information used without their consent. Defendant Brathwaite is charged with one count of conspiracy and three counts of theft of government money. While it is alleged that she participated in a common scheme with her Co-Defendants, the persons on whose behalf Brathwaite is alleged to have filed false tax returns—and received fraudulent tax refunds—are different from the separate individuals alleged to be impacted by the Co-Defendants' actions during the conspiracy.

The straight-forward structure of the Indictment renders Brathwaite's arguments insufficient to outweigh the judicial economy achieved with a joint trial. Where charges against a single defendant are "relatively straightforward and discrete," it is "not doubt[ed] that the jury

reasonably could [be] expected to compartmentalize the evidence . . . ." *Lore*, 430 F.3d at 205. Consequently, a severance is not warranted here.

Indeed, the United States Supreme Court has shown confidence that jurors sworn to serve will take their responsibilities—including that of following the court's instructions—seriously. *United States v. Olano*, 507 U.S. 725, 740 (1993) (court will presume jury members, "'conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.'") (citation omitted). Even when defendants are charged with multiple conspiracies, for example, it has been held that a less culpable defendant can be protected from spillover evidence by appropriate instructions informing the jury to compartmentalize the evidence between the different defendants and different charges. *See, e.g.*, *United States v. McGurn*, 305 F. App'x. 879, 880-81 (3d Cir. 2009) (defendant charged with only one count in a case involving two separate conspiracies was not entitled to severance; evidence of separate acts of the co-defendants and proper instructions prevented any substantial risk of spillover); *United States v. DiPasquele,* 740 F.2d 1282, 1294 (3d Cir. 1984) (no abuse of discretion in refusing to sever trial of co-conspirators because specific instructions to the jury and a well-presented case by the government avoided the possibility of prejudice); *United States v. Ramos-Ruiz*, 2017 WL 4235945, *1-2 (E.D. Pa 2017) (defendant charged in one count of conspiracy to distribute cocaine was not entitled to severance from 10-defendant, 37-count indictment involving conspiracies to distribute both cocaine and heroin). A jury is presumed to be "capable of sorting out the evidence applicable to each defendant and rendering its verdict accordingly." *United States v. Elder*, 90 F.3d 1110, 1120 (6th Cir. 1996).

Likewise, the Magistrate Judge did not err in rejecting Defendant Brathwaite's claim that the negative impact of the aggravated identify theft charges against her Co-Defendants warrants a

severance. Under the circumstances here, the crime of aggravated identity theft is not sufficiently inflammatory to justify a severance. Courts have required proof of significantly more inflammatory evidence before severing charges between co-defendants because of the risk of prejudice. For example, one court severed a defendant's money laundering charges from separate wire fraud charges where the money laundering charges involved allegations of actions on behalf of a Mexican drug cartel. *United States v. Villanueva Mardrid*, 302 F. Supp. 2d 187, 191 (S.D.N.Y. 2003). Another court severed certain "minor" defendants from the remaining defendants in a complex RICO case involving a reputed organized crime family. *See United States v. Gallo*, 668 F. Supp. 736, 750-51 (E.D.N.Y. 1987); *see also United States v. Claytor*, 52 F.R.D. 360, 362-63 (S.D.N.Y. 1971) (severing co-defendants' charges of deprivation of union rights by violence and coercion from conspiracy trial otherwise involving embezzlement and false financial entries). Indeed, the heavy burden that a defendant carries in justifying a severance is illustrated by the Third Circuit's affirmance of the denial of a motion to sever charges, when appropriate jury instructions were given, even though one of the defendants in the alleged conspiracy was charged with murder connected to the underlying conspiracy. *United States v. Eufrasio*, 935 F.2d 553, 568-69 (3d Cir. 1991). In this case, the aggravated identity theft charges against Brathwaite's Co-Defendants do not have the kind of inflammatory impact that would lead to "clear and substantial prejudice" resulting in a manifestly unfair trial. *Lore*, 430 F.3d at 205.

Finally, the Magistrate Judge did not err in rejecting Brathwaite's argument that the number of charges, defendants, documents, and witnesses creates a "genuine possibility" of jury confusion in delineating between the different charges and defendants. (Dkt. No. 348 at 7-8). While there are numerous defendants, charges, anticipated witnesses and documents, the consistent theme that underlies the charges lacks the complexity that Brathwaite suggests. In essence, the Government

charges that Defendant Brathwaite and her Co-Defendants engaged in a relatively straight-forward scheme of filing fraudulent tax returns and receiving refunds from those returns to which they were not entitled, including—in the case of the Co-Defendants—using the personal identifying information of other individuals without their consent. This case does not require the jury to delve into the intricacies of the tax code and is certainly less complex than some civil cases. *See, e.g., United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992) ("Although the jury had to evaluate a tremendous amount of evidence, the nature of the evidence and the legal concepts involved in the case were not extraordinarily difficult to comprehend, as they might be, for example, in a complex antitrust case involving abstruse economic theories or an employment discrimination case involving technical statistical evidence and formulae.")

Although Brathwaite argues that the Magistrate Judge mistakenly equated jury confusion with compartmentalization (Dkt. No. 348 at 5), deciding whether the jury can compartmentalize the evidence presented is an appropriate consideration when weighing the risk of jury confusion. *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981); *see also Thomas v. United States*, 849 F.3d 669, 676 (6th Cir.), *cert. denied*, 138 S. Ct. 261 (2017) (finding no reasonable juror could have confused which of the two weapons—a pistol or a shotgun—was used in the robbery in question because the jury can adequately "compartmentalize and distinguish the evidence concerning the different offenses charged") (citation omitted); *United States v. Geddes*, 844 F.3d 983, 989 (8th Cir. 2017) (severance not needed where "'there [is] little possibility the jury was confused over which evidence related to which count.'") (citation omitted).

In sum, with appropriate jury instructions, the jurors can consider separately each of the counts and compartmentalize the various categories of charges. *United States v. Fumo*, 2008 WL 109667 at *3 (E.D. Pa. Jan. 9, 2008); *see also United States v. Green*, 563 F. App'x. 913, 918 (3d

Cir. 2014) (limiting instructions are "persuasive evidence" that the joinder of similar charges against defendant was not prejudicial); *United States v. Arellano*, 2018 WL 895872, at *2 (D.N.J. Feb. 14, 2018) (with proper instructions, the jury can consider Defendant's charges separate from the additional substantive charges of the co-defendants). Under the circumstances, Brathwaite has made no colorable showing that a jury is not fully capable of compartmentalizing the evidence against the various Co-Defendants or that they jury will be overwhelmed and confused by the evidence.

In view of the foregoing, the Court finds that the Magistrate Judge's findings of fact are not clearly erroneous, nor are his legal conclusions contrary to law. Accordingly, Defendant Brathwaite's Objection to the Magistrate Judge's denial of her "Motion to Sever Defendants" is denied and the Magistrate Judge's Order is affirmed. An appropriate Order accompanies this Memorandum Opinion.

Date: March 15, 2019 _____/s/_____
WILMA A. LEWIS
Chief Judge