# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal Action No. 2016-0021** |
| v. ) | |
| ) | |
| **JOANNE BENJAMIN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
**Melissa P. Ortiz, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Joanne Benjamin*

**Edward L. Barry, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sylvia P. Benjamin*

**Jeffrey B.C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Lynell Hughes*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Thema Liverpool*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jacinta A. Gussie*

**Edgar L. Sanchez Mercado, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Indica Greenidge*

**Mark L. Milligan, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Nisha Brathwaite*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Darleen Thompson*

**John K. Dema, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Nicolette Alexander*

**Anthony R. Kiture, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sheba Rashida Young*

# MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court as a result of Defendant Nicolette Alexander's ("Alexander") interlocutory Notice of Appeal (Dkt. No. 754) from this Court's Order of October 5, 2019 (Dkt. No. 742) and her "Emergency Motion for Stay of Trial Pending Interlocutory Appeal" ("Emergency Motion for Stay") (Dkt. No. 826).[1] The October 5, 2019 Order denied Defendant Joanne Benjamin's "Emergency Motion to Dismiss Original and Superseding Indictments" (Dkt. No. 491) and Alexander's "Supplemental Motion for Joinder to Joanne Benjamin's Emergency Motion to Dismiss" (Dkt. No. 517) ("Motions to Dismiss"). As discussed below, this Court finds that Alexander's Notice of Appeal is premature given the absence of a final order or judgment, and is thus inadequate to divest this Court of jurisdiction. Accordingly, Alexander's Emergency Motion for Stay (Dkt. No. 826) will be denied and the trial currently scheduled for January 27, 2020 shall proceed, including the counts against Alexander.

---

[1] None of the other three remaining Defendants filed Notices of Appeal from the Court's Order.

# I. BACKGROUND

A detailed account of the factual background of the pretrial issues in this case is contained in the Court's October 5, 2019 Memorandum Opinion. (Dkt. No. 743). Only the facts necessary for the resolution of the instant matter will be discussed here.

The Defendants' Motions to Dismiss were filed following the Government's disclosure to certain Defendants that an alleged victim of the charged tax fraud scheme was empaneled as a member of the grand jury which issued the Original Indictment in September 2016. (Dkt. No. 743 at 6). The Government asserted that it learned of the grand juror's status as an alleged victim several months after the Original Indictment was returned. *Id.* at 7. After some delay, the Government presented evidence to a newly constituted grand jury that did not include any alleged victims, and to which no challenge has been made. This resulted in the return of a Superseding Indictment which contained the same charges as the Original Indictment, with minor alterations. *Id.* at 7.

In its October 5, 2019 Memorandum Opinion, this Court rejected the Defendants' arguments challenging whether the Original Indictment was a "validly pending" Indictment for purposes of its effect on the timeliness of the Superseding Indictment. (Dkt. No. 743). The Court concluded that any defect in the original grand jury proceeding did not constitute structural error requiring dismissal of the Original Indictment without a showing of prejudice. *Id.* at 16-22. In the absence of structural error, the Court analyzed Defendants' various arguments under the harmless error standard. *Id.* at 22-24. In so doing, the Court concluded that the issuance of a valid Superseding Indictment—without the taint that allegedly infected the Original Indictment—was an appropriate remedy to cure any prejudice that could have arisen from the original grand jury proceeding. *Id.* at 22-23.

The Court also rejected Defendants' claims that alleged prosecutorial misconduct warranted the dismissal of the Original Indictment with prejudice. The Court found that the Government's negligence in failing to ascertain the grand juror's conflict did not rise to the level of the "shocking, outrageous, and clearly intolerable" standard set forth in *United States v. House*, 2015 WL 4111457, at *24 (W.D. Pa. July 8, 2015) (citing *United States v. Nolan-Cooper*, 115 F.3d 221, 230-31 (3d Cir. 1998)). (Dkt. No. 743 at 25-32).

Defendants also asserted that the Original Indictment was returned in violation of Fed. R. Crim. P. 6(d)(2), which prohibits any person, other than grand jurors, from being present during grand jury deliberations and voting. (Dkt. Nos. 517 at 6-7; 567 at 5-6). In rejecting this argument, the Court found that the grand juror in question was technically "qualified" under Rule 6(b) standards. (Dkt. No. 743 at 33). The Court further found that, even if the grand juror's status as an alleged victim resulted in a violation of Rule 6(d), the issue was subject to harmless error review under *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988), and the Superseding Indictment cured any prejudice. *Id.*

Finally, this Court rejected Defendants' argument that the Superseding Indictment should be dismissed because it was filed after the statute of limitations expired. (Dkt. No. 743 at 35-41). Applying the reasoning of *United States v. Grady*, 544 F.2d 598 (2d Cir 1976) and *United States v. Friedman*, 649 F.2d 199, 203 (3d Cir. 1981), the Court concluded that the due process concerns underpinning the statute of limitations—providing defendants timely notice of the charges and the ability to prepare a defense to the same—were not impaired, and that the Original Indictment was "validly pending" at the time the Superseding Indictment was returned. (Dkt. No. 743 at 34-40). Consequently, under *Grady* and *Friedman*, the Court found that the Superseding Indictment related back to the filing of the Original Indictment for statute of limitations purposes. *Id.*

On October 18, 2019, Alexander filed a Notice of Appeal from the October 5, 2019 Order denying the Motions to Dismiss. (Dkt. No. 754). On October 23, 2019, the Clerk of Court of the Third Circuit issued an Order stating that this Court's Order from which Alexander appealed "may not be final and may not otherwise be appealable at this time," citing *United States v. Fisher*, 871 F.2d 444 (3d Cir. 1989). (Case No. 19-3423, Doc. No. 003113382594). The parties were ordered to file written responses addressing the finality issue. *Id.* The Government filed a "Motion to Dismiss Appeal for Lack of Jurisdiction" asserting that Alexander was attempting to appeal from a non-final Order and that the Order in question did not qualify for the narrow exception of the collateral order doctrine. (Case No. 19-3423, Doc. No. 003113395337 at 2-6). In response, Alexander asserted that her appeal did, in fact, fall within the collateral order doctrine, emphasizing the arguments made under Fed. R. Crim. P. 6(d). (Case No. 19-3423, Doc. No. 003113405867 at 10-15). Alexander also asserted that, due to the absence of a valid Indictment, she had the "right not to be tried." (Case No. 19-3423, Doc. No. 003113405867 at 16-22).

As of the date of this Memorandum Opinion, the Third Circuit has not ruled on the Government's Motion to Dismiss. In view of the impending trial of this matter, which is scheduled to commence on January 27, 2020, and the Emergency Motion for Stay, the Court renders this Opinion as the basis for its decision to deny the Emergency Motion for Stay and to proceed with the trial notwithstanding Alexander's appeal.

## II. LEGAL PRINCIPLES

### A. Collateral Order Doctrine

While the filing of a notice of appeal ordinarily divests the trial court of jurisdiction, the Third Circuit Court of Appeals has concluded that a "notice of appeal from a non-appealable order does not render void for lack of jurisdiction acts of the district court performed during the interval

5

between the filing of the notice and the dismissal of the appeal." *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980) (citing *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir.1979)); *see also Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985) (party's appeal from non-appealable order did not deprive district court of jurisdiction to rule on pending motion to dismiss). The Third Circuit in *Leppo*, like many other appellate courts, has recognized that to allow the filing of a notice of appeal of a *non-appealable* order would "leave[] the [trial] court powerless to prevent intentional dilatory tactics, foreclose[] without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibit[] the smooth and efficient functioning of the judicial process." *Leppo*, 634 F.2d at 104-05 (citations omitted).[2] As noted by the Eighth Circuit, "the delays and disruption attendant upon intermediate appeals are especially inimical to the effective and fair administration of the criminal law." *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982); *see also United States v. Fattah*, 83 F. Supp. 3d 632, 634 (E.D. Pa. 2015) (an improper attempt at an interlocutory appeal from a non-final order would allow a party to "delay a [] proceeding and even disrupt an ongoing trial simply by filing a piece of paper denominated a notice of appeal)."[3]

---

[2] *See also United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982) (district court not divested of jurisdiction involving frivolous double jeopardy issue); *United States v. Bizzard*, 674 F.2d 1382, 1385-86 (11th Cir. 1982) (district court retained jurisdiction despite frivolous double jeopardy appeal); *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (same); *United States v. Lanci*, 669 F.2d 391, 394 (6th Cir.), *cert. denied*, 457 U.S. 1134 (1982) (district court had authority to proceed when interlocutory appeal claiming double jeopardy lacked "colorable foundation"); *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979) (same).

[3] Courts have also recognized that district courts are not divested of jurisdiction upon the filing of improper interlocutory appeals in civil cases, such as frivolous appeals from Orders relating to claims of qualified immunity under Section 1983. *See, e.g., Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990) (although appeal from a denial of qualified immunity will generally divest the district court of jurisdiction, "if the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction . . . and so does not stop the district court in its tracks." (internal quotation marks omitted)); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) (same).

The reasoning underlying this body of law is based on the narrowly interpreted "collateral order" doctrine first recognized in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Under the collateral order exception to the final judgment rule for appeals, a court of appeals may exercise immediate review of non-final orders that: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) are effectively unreviewable on appeal from a final judgment. *United States v. Credico*, 646 F. App'x 248, 251 (3d Cir. 2016) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (citations omitted)). If any prong of the collateral order doctrine is not satisfied, then appellate jurisdiction is improper. *Pierce v. Blaine*, 467 F.3d 362, 369 (3d Cir. 2006).

The third prong of *Cohen* focuses on whether the issue on appeal involves "'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 266 (1982) (citations omitted). In addressing this prong, the Supreme Court has found that the Court must weigh "the value of the interests that would be lost through rigorous application of a final judgment requirement." *Will v. Hallock*, 546 U.S. 345, 352 (2006).

In criminal cases, the third *Cohen* element has been strictly construed. *Flanagan v. United States*, 465 U.S. 259, 265 (1984). The Supreme Court has found that the right in dispute must equate to a right *not to be tried* "based upon an explicit statutory or constitutional guarantee that trial will not occur." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 800 (1989). The Supreme Court has further found that there is "a crucial distinction between a right not to be tried and a right whose remedy requires dismissal of charges." *Id.* at 799. Thus, for example, an alleged violation of Rule 6(e) pertaining to grand jury secrecy—which could justify dismissal of an

indictment as a remedy—does not equate to the "right not to be tried." *Id.* at 799.[4] Similarly, an alleged speedy trial violation does not encompass a "right not to be tried" supporting an interlocutory appeal of the denial of a motion on those grounds. *United States v. MacDonald*, 435 U.S. 850, 860-62 (1978) (proceeding with the trial would not cause or compound the deprivation already suffered by defendant; an interlocutory appeal, in fact, would only exacerbate pretrial delay).

Both the Supreme Court and the Third Circuit have "consistently construed the collateral order exception narrowly lest the exception swallow up the salutary general rule that only final orders be appealed." *See Will v. Hallock*, 546 U.S. at 350 (acknowledging that the Supreme Court's recent cases addressing the collateral order doctrine "have consistently emphasized its 'modest scope'"); *United States v. Wright*, 776 F.3d 134, 141 (3d Cir. 2015) (applying narrow construction to reject interlocutory appeal from Defendants' motion to preclude evidence based upon collateral estoppel). Likewise, strictly construing the collateral order exception is consistent with the longstanding policy against piecemeal appeals, based on the statutory authority that restricts appeals to final judgments. *Id.* at 140; *see* 28 U.S.C. § 1291. "[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 499 (1989) (rejecting interlocutory appeal of denial of motion to enforce contract's forum selection clause). In recognizing the narrow scope of the collateral order doctrine, the Supreme Court has stated:

> The justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes. This requirement finds expression in two of the three traditional *Cohen* conditions. The

---

[4] In *Midland Asphalt*, the Court rejected Defendants' attempt to characterize its appeal as a denial of the right to be tried on an "indictment returned by a grand jury whose decision to indict was substantially influenced by the government's violation" of the Rule's secrecy standards. *Id.* at 800.

8

second condition insists upon important questions separate from the merits. More significantly, the third *Cohen* question, whether a right is *adequately* vindicable or effectively reviewable, simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement. That a ruling may burden litigants in ways that are only *imperfectly* reparable by appellate reversal of a final district court judgment . . . has never sufficed. Instead, the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order.

*Mohawk Industries, Inc. v. Carpenter*, 508 U.S. 100, 107 (2009) (emphasis added) (internal quotations and citations omitted).

Over the years, the Supreme Court's strict interpretation of the collateral order doctrine has resulted in the Court finding only a few types of non-final criminal orders falling within the *Cohen* standard, including (1) orders denying a motion to reduce bail, *Stack v. Boyle*, 342 U.S. 1, 6 (1951); (2) orders denying pretrial motions to dismiss an indictment based on double jeopardy, *Abney v. United States*, 431 U.S. 651, 657 (1977); (3) orders rejecting a criminal defendant's claim of immunity under the Speech or Debate Clause of the Constitution, *Helstoski v. Meanor*, 442 U.S. 500, 507 (1979); and (4) orders permitting the forced medication of a criminal defendant to enable him to become competent to stand trial, *Sell v. United States*, 539 U.S. 166, 185 (2003).

The Supreme Court has found that the *Cohen* standards were not met in a number of other contexts. For example, in *United States v. MacDonald*, 435 U.S. 850 (1978), the Supreme Court found that a district court's denial of a pretrial motion to dismiss an indictment on speedy trial grounds was not appealable under the collateral order doctrine. Although that ruling resulted in the defendant having to face a trial before pursuing an appeal, the Supreme Court concluded that the issue was fully reviewable after trial and the interest in avoiding the trial did not provide a sufficient basis to warrant immediate appeal. *Id.* at 858-59. Similarly, the Supreme Court found that an order disqualifying a criminal defendant's chosen counsel was not immediately appealable.

9

*Flanagan*, 465 U.S. at 266-67. Likewise, in *Hollywood Motor Car*, the Supreme Court rejected Defendants' argument that their claim that a superseding indictment was the result of prosecutorial vindictiveness—*i.e.*, modifying the indictment in retaliation for Defendants' exercise of their right to seek a change of venue—was immediately appealable. 458 U.S. at 267-68; *see also United States v. Gregory*, 656 F.2d 1132 (5th Cir. 1981) (dismissing interlocutory appeal from denial of motion to dismiss indictment because of alleged prosecutorial vindictiveness and denial of motion to disqualify judge). The Supreme Court has noted that "[b]earing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Hollywood Motor Car*, 458 U.S. at 267 n.2.

Based on the Supreme Court's rulings strictly applying the *Cohen* standards, appellate courts have rejected pleas for interlocutory appeals, even in the face of claims that defective indictments freed them from the obligation to stand trial. *See, e.g., United States v. Fisher*, 871 F.2d at 447 (challenges to indictments due to alleged prosecutorial misconduct during grand jury proceedings); *United States v. Ford*, 1990 WL 9966 at *1 (6th Cir. 1990) (no right of interlocutory appeal under *Mechanik* from denial of motion to dismiss indictment based on claims that the grand jury was presented false evidence and that the grand jury was biased); *United States v. LaRouche Campaign*, 829 F.2d 250 (1st Cir. 1987) (challenge to indictment from allegedly biased, uninformed grand jury not subject to interlocutory appeal); *United States v. Taylor*, 798 F.2d 1337 (10th Cir. 1986) (interlocutory appeal of denial of motion to dismiss indictment not permitted because alleged grand jury abuses—failure to present exculpatory evidence and use of inflammatory evidence before the grand jury—constituted "fundamental fairness" allegations which are reviewable on appeal from a final judgment). The Supreme Court has recognized that 28 U.S.C. § 1291 "requires courts of appeals to view claims of a 'right not to be tried' with

skepticism, if not a jaundiced eye." *Digital Equipment Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 873 (1994) (rejecting appeal of Order denying motion to enforce settlement agreement).

B. **Divestiture of District Court Jurisdiction**

Because of the potential for the improper use of interlocutory appeals and the adverse impact on trial and other court proceedings, the Third Circuit has recognized that a district court will not be divested of jurisdiction by the improper filing of a notice of appeal from a non-appealable order or judgment. Instead of an automatic divestiture of jurisdiction upon appeal, appellate courts have permitted trial courts to make reasoned decisions as to whether to terminate lower court jurisdiction when there are serious questions whether a notice of appeal is defective, or the matter is otherwise non-appealable. *See, e.g., United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) (en banc) (district court did not err in proceeding with trial in light of defendant's frivolous appeal of double jeopardy claim). Similarly, the Third Circuit in *Leppo* concluded that an interlocutory appeal does *not* divest the district court of jurisdiction to proceed with trial if the district court has found the motion to dismiss on double jeopardy grounds to be frivolous. 634 F.2d at 105. Virtually every other circuit court has expressed agreement with this principle. *See United States v. Salerno*, 868 F.2d 524, 539 (2d Cir.) (collecting cases), *cert. denied*, 491 U.S. 907 (1989).

Thus, "[o]ne exception, in both civil and criminal cases, [to the general proposition that an appeal divests a district court of jurisdiction] is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable. . . . An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity.'" *Venen,* 758 F.2d at 121; *United States v. Serrano*, 856 F.3d 210, 213-14 (2d Cir. 2017) (appeal under the collateral order doctrine depends on there being at least a colorable claim of double jeopardy); *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998) ("a district court can proceed

. . . if the notice of appeal is defective in some substantial and easily discernible way . . . or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case"); *United States v. Wilkes*, 368 F. Supp. 2d 366, 367 (M.D. Pa. 2005) (district court may proceed with case if the notice of appeal relates to a non-appealable order or judgment); *Smith v. County of Lenawee*, 2009 WL 3672107, at *5 (E.D. Mich. Nov. 3, 2009) (trial court retains jurisdiction because the collateral order doctrine likely would not apply to interlocutory appeal). In view of the foregoing, the absence of an appealable final order or judgment provides appropriate grounds for denying a motion to stay the proceedings in the district court. *See, e.g., United States v. Taylor*, 2009 WL 3348074, at *3 (D. N.M. 2009) (Defendant's appeal does not qualify as an interlocutory appeal from a collateral order; therefore no stay of the underlying cases is required); *United States v. Sollenberger*, 2007 WL 4198519, at *1 (M.D. Pa. 2007) (declining to stay case in light of appeal from non-appealable order disqualifying defendant's counsel).

### III. DISCUSSION

In evaluating whether the Court can retain jurisdiction of the charges against Defendant Alexander, the Court must determine whether Alexander's issues on appeal meet the strictly applied elements of an appealable collateral order under *Cohen*. *See Venen,* 758 F.2d at 121. If an objective review determines that any element of the *Cohen* standard is not met, the Court may proceed with the case unless directed otherwise by the appellate court. *See, e.g.*, *Tarapchak v. Lackawanna County,* 2016 WL 9774881, at *1 (M.D. Pa. 2016) (appeal from order denying in part motion to dismiss complaint was not a proper collateral order under *Cohen* standards, so district court's interim orders were not void); *United States v. Nowak*, 2013 WL 4833425, at *1 (D. N.J. Sept 10, 2013) (criminal appeal from order directing defendant to provide handwriting exemplars was not appealable under the collateral order doctrine and does not divest district court

of jurisdiction); *Baylor v. Lamas*, 2012 WL 995212, at *1 n.1 (E.D. Pa. 2012) (appeal from magistrate judge's report and recommendation is not properly appealable and thereby does not divest the district court of jurisdiction).

In her filings in the Third Circuit, Alexander contends that her appeal falls within the collateral order doctrine. First, she asserts that her arguments under Rule 6(d) would not be reviewable if the case proceeded to trial, relying on the Supreme Court's ruling in *Mechanik*, 475 U.S. at 70. (Case No. 19-3423, Doc. No. 003113405867, at 11-13). She also contends that the "defects" in the Original Indictment are so fundamental that "there is no grand jury indictment" as required by the Fifth Amendment, and thus no right to subject her to a trial. *Id.* at 16-18. This Court disagrees.

As a preliminary matter, Alexander's over-reliance on *Mechanik* is misplaced. *Mechanik* addressed circumstances where the alleged Rule 6(d) violation was ultimately ruled on by the district court *after* the petit jury's verdict finding the defendants guilty. Accordingly, any error in the grand jury proceeding connected with the probable cause charging decision was found to be harmless in view of the subsequent petit jury verdict of guilt beyond a reasonable doubt. *Id.* at 70-71. However, the Supreme Court in *Mechanik* did not opine on what remedy might exist *if*—as here—the Rule 6(d) violation was raised before trial and addressed by means of a superseding indictment, or whether, if the issue was so raised and addressed, it would provide grounds for an interlocutory appeal under the collateral order doctrine. *Id.* at 72. In this regard, the Supreme Court in *Mechanik* stated: "[w]e express no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision and is brought to the attention of the trial court before the commencement of trial." *Id.* at 72. Thus, *Mechanik* does not involve or address the circumstances presented by this case.

Moreover, Alexander cannot obtain relief from the Third Circuit under her Rule 6(d) argument without also raising the gravamen of her claim with which the Rule 6(d) violation is inextricably intertwined—that the Original Indictment was not validly pending as a result of the Rule 6 violation, thereby making the Superseding Indictment untimely under the statute of limitations because of its inability to relate back to the Original Indictment. Alexander admits as much in her Emergency Motion for Stay. (Dkt. No. 826 at 1) ("Because of the presence of a *victim* of the crime Ms. Alexander stands accused of committing on the grand jury that originally indicted her, that indictment was *never* validly pending, and the superseding indictment was returned after the state [sic] of limitations on the alleged crime expired"). Thus, when stripped to its essentials, the timeliness of the Superseding Indictment is the crux of Alexander's claim that she cannot be subjected to a trial.[5] As noted above, however, appellate courts have consistently held that interlocutory challenges based on statute of limitations grounds are not appropriate for review under the collateral order doctrine. *United States v. Levine*, 658 F.2d 113, 126-27 (3d Cir. 1981); *see also United States v. Weiss*, 7 F.3d 1088, 1090 (2d Cir. 1993) (same).[6]

Finally, Alexander's argument before this Court in the context of her Motion to Dismiss was that her legal positions are grounded in the presumed bias of the grand jury due to the presence

---

[5] Indeed, this Court ultimately concluded that even if there was a Rule 6(d) violation, such a violation would be harmless in light of the validly pending Original Indictment that would render the Superseding Indictment timely. (Dkt. No. 743 at 22-23, 33). Alexander's focus on the Rule 6(d) violation—which is akin to the "tail wagging the dog,"—is apparently designed to bring the case, albeit unsuccessfully, within the scope of *Mechanik*.

[6] The harmless error finding in *Mechanik* is tied to the fact that the verdict of guilt beyond a reasonable doubt following trial in effect negated the challenge to the existence of probable cause in the grand jury charging decision. From thence comes the argument that the alleged Rule 6(d) violation would be unreviewable following trial. However, the existence of probable cause is not the issue here because Alexander is going to trial on the Superseding Indictment, not the Original Indictment. The real issue is whether the Superseding Indictment survives a statute of limitations challenge—an issue that the courts have found is reviewable post-trial.

of a victim-grand juror and the fundamentally unfair process leading to her indictment. However, neither issues of bias nor fundamental unfairness are subject to interlocutory review. *See United States v. Fisher*, 871 F.2d at 447; *United States v. Ford*, 1990 WL 9966 at *1 (6th Cir. 1990); *United States v. LaRouche Campaign*, 829 F.2d 250 (1st Cir. 1987). Because Alexander would not be precluded from raising such issues on appeal from a final judgment, this Court is not divested of jurisdiction to proceed. *Fisher*, 871 F.2d at 448.

Accordingly, in evaluating Alexander's rights and the District Court's proper concern to "prevent dilatory tactics,"[7] the Court finds that Alexander's appeal sets out no colorable claims for an interlocutory appeal. Because Alexander's appeal is from a non-final Order which does not qualify for an interlocutory appeal under the strict *Cohen* standards, this Court will retain jurisdiction and proceed with the trial of the case on January 27, 2020, including the charges against Defendant Alexander.

The decision to go forward is not in any way in derogation of, or without respect for, the jurisdiction of the Court of Appeals for the Third Circuit. The appellate court maintains exclusive authority to decide the merits of the appeal, and enjoys the discretion to stay further trial proceedings pending its decision. In short, the fact that this Court views the notice of appeal as invalid does not impinge on the ability of the Court of Appeals to consider the issue de novo. *See United States v. Wilkes,* 368 F. Supp. 2d 366, 369 (M.D. Pa. 2005).

---

[7] The Court notes that this case has been scheduled for trial on nine occasions. The trial date was continued once at the request of the Government, once by the Court due to the filing of the Motions to Dismiss, once by the Court because of the continued pendency of those Motions, and six times at the request of one of the Defendants.

For these reasons, the Court will deny Alexander's Emergency Motion for Stay and will proceed to trial as currently scheduled on January 27, 2020, including all charges against Defendant Alexander.

An appropriate Order accompanies this Memorandum Opinion.

Dated: January 22, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge