DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2016-0021 |
| | ) | |
| **NICOLETTE ALEXANDER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
**Adam F. Sleeper, Esq.,**
St. Thomas, U.S.V.I
    *For the United States*

**John K. Dema, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Nicolette Alexander*

## **ORDER**

THIS MATTER comes before the Court on the Government's "Motion to Dismiss Without Prejudice the Original Indictment Docketed at ECF No. 1 as to Nicolette Alexander" ("Motion"). (Dkt. No. 952). In its Motion, the Government requests that the Court dismiss without prejudice the original indictment as to Nicolette Alexander to "clarify and limit" an issue on appeal. *Id*. at 2. Specifically, Defendant Nicolette Alexander appealed the Court's Order denying a Motion to Dismiss the original and superseding indictments in this case. (Dkt. Nos. 491, 494, 742, 743, 754). The Government wants to make clear on appeal that it is proceeding at trial under the superseding indictment rather than under the original indictment. (Dkt. No. 952 at 1-2) (citing *United States v. Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993) ("It is clear that the grand jury's return of a superseding indictment does not void the original indictment . . . Both indictments in this case remained valid

until the district court granted the government's motion to dismiss the superseding indictment."). Defendant Nicolette Alexander did not respond to the Government's Motion.

An appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Thomas v. Ne. Univ.,* 470 F. App'x 70, 72 (3d Cir. 2012) (concluding that the district court did not have jurisdiction to rule on motions to amend a complaint while an appeal challenging the dismissal of that complaint was pending); *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (stating that as a general rule, a district court does not have jurisdiction over issues pending on appeal). Pursuant to Fed. R. Crim. P. 37(a), where a district court lacks authority to grant a motion because an appeal is pending, the court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Government states that the purpose of this Motion is "to clarify and limit the matters at issue on appeal." *Id*. at 2. Further, the Government asks the Court to dismiss without prejudice the original indictment only against Nicolette Alexander—the defendant who filed the appeal. *Id*. at 1-2. Thus, the Court finds that the Government's Motion involves an aspect of the case involved in the appeal, and therefore the Court does not have jurisdiction to rule on the Motion. However, because the Government made clear in its filings before this Court that it was proceeding pursuant to the superseding indictment rather than under the original indictment (*see, e.g.,* Dkt. Nos. 547, 549, 660), the Court will grant the Motion if the Third Circuit Court of Appeals remands for that purpose.

In light of the foregoing, it is hereby

**ORDERED** that the Government's Motion (Dkt. No. 952) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Date: August 31, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge